# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

GAYLE MARSHALL, *et al.*,                    *

       Plaintiffs,                    *

         v.                    *        Civil Action No. RDB-13-1101

SELECTIVE WAY                    *
INSURANCE COMPANY,
                              *

       Defendant                    *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## **MEMORANDUM OPINION**

Plaintiffs Gayle Marshall, Individually and as Personal Representative of the Estate of George Marshall, and Melvin Jack Marshall, Jr., as Personal Representative of the Estate of Mary Louise Marshall, (collectively, "Plaintiffs") bring this action against Selective Way Insurance Company ("Selective Way" or "Defendant") seeking uninsured/underinsured motorist ("UIM") benefits under a commercial automobile insurance policy issued by Selective Way to Patapsco Valley Sales Co., Inc. ("Patapsco") and TS Holdings, Inc.[1] Plaintiffs ask this Court to order Selective Way to pay UIM benefits pursuant to the policy. In the alternative, Plaintiffs ask this Court to certify questions of law related to Maryland's Uninsured Motorist Statute, Md. Code Ann., Ins. §19-509, to the Maryland Court of Appeals.

---

[1]      Gayle Marshall is the surviving spouse of the decedent, George Marshall.  Mary Louise Marshall was the mother of George Marshall.  Mary Louise Marshall is deceased; Melvin Jack Marshall, Jr. is her personal representative.

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Plaintiffs' Motion to Apply Selective Way Insurance's Uninsured/Underinsured Benefits (ECF No. 25) is DENIED. Plaintiffs' Motion to Certify Questions of Law to the Maryland Court of Appeals (ECF No. 25) is also DENIED.

## BACKGROUND

The Parties do not dispute the underlying factual basis of this suit.

George Marshall was the President of Patapsco Valley Sales & Supply Company, Inc. As Mr. Marshall was closing business for the day on March 5, 2011, he observed a Penske truck next to one of his company's trucks on the loading dock. When Mr. Marshall approached the Penske truck, he saw Ellerson Carter attempting to steal merchandise from Patapsco. Fleeing, Mr. Carter drove the Penske truck backwards, knocking Mr. Marshall to the ground. Making his escape, Mr. Carter drove over and fatally injured Mr. Marshall.

George Marshall's estate and wrongful death beneficiaries now seek uninsured/underinsured motorist ("UIM") benefits under Patapsco's commercial auto insurance policy issued by Selective Way. The named insureds under the policy are Patapsco Valley Sales Co., Inc. and T S Holdings, Inc. Def.'s Ex. 1, ECF No. 26-1.

## STANDARD OF REVIEW

This Court's exercise of subject matter jurisdiction over the instant case is proper under 28 U.S.C. § 1332(a) because the parties are citizens of different states[2] and the amount

---

[2]      Plaintiffs are citizens of Maryland. Defendant is a New Jersey corporation with its principal place of business in New Jersey. *See* ECF No. 11.

in controversy exceeds $75,000.[3]

Plaintiffs first ask this Court to direct Selective Way to provide UIM benefits to the Marshalls pursuant to Patapsco's commercial automobile insurance policy. Plaintiffs thus ask this Court to rule that the Marshalls are entitled to the benefits as a matter of law. As such, this Court will apply the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure.

In the alternative, Plaintiffs ask this Court to certify questions of law related to Maryland's Uninsured Motorist Statute, Md. Code Ann., Ins. §19-509, to the Maryland Court of Appeals.

## I.     Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable

---

[3]      The amount in controversy requirement is satisfied insofar as Plaintiffs seek recovery under an insurance policy with coverage of $1,000,000. Pl.'s Mtn., at 2.

3

inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993).

## II.    Interpreting Insurance Contracts

Under Maryland law, insurance contracts are interpreted like other contracts. Undefined words "are given their 'customary, ordinary, and accepted meaning,' unless there is an indication that the parties intended to use the words in a technical sense." *Sullins v. Allstate Ins. Co.*, 340 Md. 503, 508, 667 A.2d 617 (Md. 1995) (quoting *Cheney v. Bell National Life*, 315 Md. 761, 766, 556 A.2d 1135 (1989)). "If the language in an insurance policy suggests more than one meaning to a reasonably prudent lay person, [the language] is ambiguous." *Id.* If the policy language is ambiguous, then the language "will be construed liberally in favor of the insured and against the insurer as drafter of the instrument."[4] *Dutta v. State Farm Ins. Co.*, 363 Md. 540, 556, 769 A.2d 948 (Md. 2001) (quoting *Empire Fire & Marine Ins. Co. v. Liberty Mut. Ins. Co.*, 117 Md. App. 72, 97–98, 699 A.2d 482 (Md. Ct. Spec. App. 1997)).

## III.    Motion to Certify Questions of Law to the Maryland Court of Appeals

As this Court has previously noted, the decision whether to certify a question of state law to that state's highest court "rests in the sound discretion of the federal court." *Marshall*

---

[4]      In general, Maryland law treats insurance policies as normal contracts and, as such, "Maryland does not follow the rule that insurance policies should, as a matter of course, be construed against the insurer." *Dutta v. State Farm Ins. Co.*, 363 Md. 540, 556, 769 A.2d 948 (Md.2001). However, ambiguous provisions of insurance contracts are an exception to this rule; such ambiguous provisions are construed against the drafter, just as they would under normal contract interpretation rules. *See id.*

*v. James B. Nutter & Co.*, RDB-10-3596, 2013 WL 3353475, at *7 (D. Md. July 2, 2013) *aff'd*, 758 F.3d 537 (4th Cir. 2014). *See also Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974); *Boyster v. Comm'r of Internal Revenue Serv.*, 668 F.2d 1382 (4th Cir. 1981)); *Hafford v. Equity One, Inc.*, 2008 WL 906015, at *4 (D. Md. Mar. 31, 2008). In exercising such discretion, federal courts may decline to certify a question where the federal court can reach a "reasoned and principled conclusion." *Hafford*, 2008 WL 906015, at *4. When a federal court can reach a reasoned and principled conclusion, the "federal court *should* decide the case before it rather than staying and prolonging the proceedings." *Arrington v. Coleen, Inc.*, 2001 WL 34117735, at *5 (D. Md. Mar.29, 2001) (emphasis in original).

## ANALYSIS

### I.    Whether Plaintiffs Are Entitled to UIM Benefits Under Patapsco's Commercial Automobile Insurance Policy

Plaintiffs allege that they are entitled to UIM benefits under Patapsco's commercial automobile insurance policy with Selective Way because: (1) George Marshall was an employee of Patapsco; (2) Marshall was acting in the course of his employment at the time of the incident; (3) Patapsco had UIM insurance under a policy with Selective Way; (4) as an employee of Patapsco, Marshall should be considered an 'insured' under the policy; (5) the policy included UIM benefits for the insured and his surviving relatives. *See* Pl.'s Mtn. at 1-3 (ECF No. 25-1).

Selective Way concedes that Marshall was an employee of Patapsco, acting within the scope of his employment, at the time of the incident. Def.'s Opp. at 3 (ECF No. 26). Selective Way argues, however, that George Marshall was not an 'insured' under the terms of

the insurance policy because Marshall was not "'occupying' a covered 'auto'" at the time of the incident.  Def.'s Ex. 4, at 2 (ECF No. 26-4).

Plaintiffs do not challenge Selective Way's position that George Marshall was not "'occupying' a covered 'auto'" at the time of the incident.   Instead, Plaintiffs assert that Selective Way's contractual limitation of coverage to employees "'occupying' a covered 'auto'" is impermissible under § 19-509(c) of the Maryland Code and is therefore void as a matter of public policy.  Md. Code Ann., Ins. § 19-509.  *See* Pl.'s Mtn. at 11-12.

**a.  Patapsco's Insurance Policy with Selective Way**

Patapsco's commercial automobile insurance policy with Selective Way provides, in pertinent part:

> B. Who Is An Insured
>
> If the Named Insured is designated in the Declarations as:
>
> 1.  An individual, then the following are "insureds":
>     a.  The Named Insured and any "family members".
>     b.  Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair servicing, "loss" or destruction.
>     c.  Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
>
> 2.  A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
>     a.  Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto".  The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
>     b.  Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
>     c.  The Named Insured for "property damage" only.

6

Def.'s Ex. 4, at 2.  The "Named Insured" under this policy was "Patapsco Valley Sales Co., Inc. and TS Holdings, Inc."  Def.'s Ex. 1, at 1 (ECF No. 26-1).  As the Named Insured(s) were corporations, it is necessary to look to Paragraph B(2) of the insurance policy to determine who is considered an "insured."[5]

Paragraph B(2)(a) provides that an insured includes, "[a]nyone 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto…'"  Def.'s Ex. 4, at 2.  The identity of "[a]nyone 'occupying' a covered 'auto,'" is by its very terms expansive: *anyone* occupying a covered auto is entitled to the policy's UIM benefits.  The critical limitation included in the policy is not *who* is entitled to UIM benefits, but rather *where* a person must be in order to benefit from the policy.  This reading effectuates the very purpose of the corporate automobile insurance policy: to protect against injury resulting from the operation of 'covered' corporate vehicles.

With the principal "insureds" having been defined in Paragraph B(2)(a), Paragraph B(2)(b) expands the definition of "insureds" to include, "Anyone for damages he or she is entitled to recover because of 'bodily injury' sustained by another 'insured.'"  Def.'s Ex. 4, at 2.  This clause ensures that the ability to recover on the policy is not limited to the insured

---

[5]      Both Parties recognize that, consistent with the UIM statute, insurers may issue policies that designate different persons or groups of persons as the 'insured(s)'.  *See* Def.'s Opp., at 8-10; Pl.'s Reply, at 2-4.  Both Parties point to the distinction between single and dual clause insurance policies described by Andrew Janquitto in his treatise on Maryland insurance law.  Andrew Janquitto, *Maryland Motor Vehicle Insurance* § 8.9(A) (3d ed. 2013).  In a single clause insurance policy, there is only one definition of the named insured.  *Id.*  In a dual clause insurance policy, there are two definitions of the named insured.  *Id.*

The insurance policy issued to Patapsco is a dual clause policy.  Paragraph B of the policy provides that the determination of "Who Is An Insured" depends on whether the "Named Insured" is (1) "An individual" or (2) "A partnership, limited liability company, corporation, or any other form of organization…"  Def.'s Ex. 4, at 2.  As the named insured(s) in this case are corporations (Patapsco and TS Holdings), the 'insureds' under the policy are those described in Paragraph B(2).

himself, but will also extend to wrongful death beneficiaries, parents, legal guardians, subrogees, and others who may assert claims on behalf of an "insured," as defined under Paragraph B(2)(a) of the policy.

Finally, Paragraph B(2)(c) allows the "Named Insured" – that is, the corporation(s) – to recover on the policy for property damage caused by an uninsured motorist. Def.'s Ex. 4, at 2.

The foregoing discussion makes clear that the Selective Way insurance policy at issue *does* provide UIM benefits; the policy provides benefits to anyone "'occupying' a covered 'auto.'" Def.'s Ex. 4, at 2. Contrary to Plaintiffs' assertion, the fact that the insurance policy does not provide UIM benefits to *all* persons in *all* situations does not mean that the benefits are "illusory."

The reasoning in *Botti v. CNA Ins. Co.*, 824 A.2d 1120, 1125 (N.J. App. 2003) is persuasive. Dealing with identical policy language, the court in *Botti* rejected plaintiff's claim that an insurance policy which limited coverage to "anyone occupying a covered 'auto'" was "illusory":

> It has been suggested that because a corporation cannot sustain bodily injury, the coverage is 'illusory.' However, we disagree with such a conclusion. First, we note that the UM endorsement provides coverage for bodily injury and/or property damage. Second, the UM endorsement does not limit coverage to the 'named insureds.' In addition to the 'named insureds,' coverage is afforded to 'anyone occupying a covered 'auto,' or a temporary substitute for a covered 'auto.'" … This hardly constitutes illusory coverage.

*Id.  See also Lundgren v. Vigilant Ins. Co.*, 391 N.W.2d 542, 544 (Minn. Ct. App. 1986) ("Underinsured motorists coverage is not a nullity when issued to a corporation or other business entity. … [A]ppellant would have been covered had he been injured while

occupying an insured vehicle, rather than as a pedestrian."). The fact that the extent of coverage is limited by the policy terms does not mean, as Plaintiffs urge, that no coverage is available under the policy or that the policy is "illusory."

### b. Maryland's Uninsured Motorist Statute

Even if benefits under the Selective Way policy are not "illusory," as Plaintiffs allege, this Court must still determine whether the coverage provided to the insureds named in Paragraph B(2) is consistent with Maryland's uninsured motorist statute. Md. Code Ann., Ins. § 19-509(c). The statute provides, in pertinent part:

> (c) In addition to any other coverage required by this subtitle, each motor vehicle liability insurance policy issued, sold, or delivered in the State after July 1, 1975, shall contain coverage for damages, subject to the policy limits, that:
>
>> (1) the insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in a motor vehicle accident arising out of the ownership, maintenance, or use of the uninsured motor vehicle; and
>>
>> (2) a surviving relative of the insured, who is described in § 3-904 of the Courts Article, is entitled to recover from the owner or operator of an uninsured motor vehicle because the insured died as the result of a motor vehicle accident arising out of the ownership, maintenance, or use of the uninsured motor vehicle.

*Id.*

Notably, the Maryland statute is silent on its definition of the term "insured."[6] However, the Maryland Court of Special Appeals has held that "[t]he language of the statute and the policy mandate coverage for the *named insured* when involved in any accident." *Powell*

---

[6]      While the term "insured" is not defined by the statute, the "named insured" is defined in the statute as, "the person denominated in the declarations in a motor vehicle liability insurance policy." Md. Code Ann., Ins. § 19-501(d).

*v. State Farm Mut. Auto. Ins. Co.*, 585 A.2d 286, 290 (Md. Ct. Spec. App. 1991) (emphasis in original).   More recently, the Maryland Court of Appeals held that "[a]lthough the term 'insured' is not defined, within the context of the uninsured motorist statute, its ordinary meaning is *covered or coverage at the time of the accident.*"   *Mundey v. Erie Ins. Grp.*, 914 A.2d 1167, 1177 (Md. 2007) (emphasis in original).

Following *Powell* and *Mundey*, it is clear that the term 'insured' refers to the named insured—that is, Patapsco and T S Holdings.  As described above, the meaning and scope of the 'named insured' under the policy is detailed in Paragraph B(2):

      a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto".  The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
      b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
      c. The Named Insured for "property damage" only.

Def.'s Ex. 4, at 2.  The question then becomes whether the policy provides to the insured the benefits required by statute.

Section 19-509(c)(1) of the UIM statute mandates that an insured be entitled to recover for "bodily injuries sustained in a motor vehicle accident…"  Md. Code Ann., Ins. § 19-509(c).  Under the policy, an insured includes, "Anyone "occupying" a covered "auto..."  Def.'s Ex. 4, at 2.  The only reasonable interpretation of this phrase is that "Anyone" must refer to any person authorized to operate, ride, or otherwise "occupy" a covered auto.   *See State Farm Mut. Auto. Ins. Co. v. DeHaan*, 900 A.2d 208, 212 (Md. 2006) ("Our goal in interpreting statutes is to give them their 'most reasonable interpretation, in accord with logic and common sense, and to avoid a construction not otherwise evident by the words

actually used.'") (quoting *Greco v. State,* 701 A.2d 419, 422 (Md. 1997)).  Therefore, if a person occupying a covered vehicle were to suffer bodily injury, he/she would be entitled to benefits under the UIM policy.

Section 19-509(c)(2) of the UIM statute requires that "a surviving relative of the insured" be entitled to recover in the name of the insured should the motor vehicle accident result in the insured's death.  Md. Code Ann., Ins. § 19-509(c).  The terms of Selective Way's UIM policy are even broader than those required under § 19-509(c)(2): while the statute only requires that wrongful death benefits be available to a surviving relative of the insured, the policy's provision that "Anyone for damages he or she is entitled to recover" goes even further (presumably to include parents, legal guardians, subrogees, and others who may assert claims on behalf of an "insured").  Thus, there can be no doubt that the Selective Way policy satisfies the requirements of § 19-509(c)(2).

As a result, this Court finds that the coverage provided by the Selective Way policy satisfies the requirements of Maryland's UIM statute and that reformulation of the policy is unwarranted.

Further in support of this conclusion is the fact that nowhere in § 19-509(c)—or anywhere else in the statutory subtitle—does the statute prohibit UIM policies from distinguishing between individuals and corporations (or other business entities) as the named insured.  Nor do Plaintiffs point to any authority which prohibits policies from making such distinctions.  So long as the policy is consistent with the minimum standards required by Maryland's legislature and judiciary, this Court sees no reason to restrict the Parties' rights to freely contract for insurance coverage.

Finally, this Court is not persuaded by Plaintiffs' arguments that declining to enforce the UIM policy offends the public policy underlying the UIM statute. "The primary purpose of this requirement is to assure financial compensation to the innocent victims of motor vehicle accidents who are unable to recover from financially irresponsible uninsured motorists." *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Gartelman*, 416 A.2d 734, 737 (Md. 1980). The requirement that automobile insurance policies issued to corporations (and other business entities) include UIM coverage is consistent with this clear statutory purpose. Thus, when an uninsured driver collides with an insured corporate vehicle, the injured occupants of the corporate vehicle are entitled to benefits under the corporation's UIM policy. However, the statute does not demand that all businesses—including those that do not own or operate corporate automobiles—obtain UIM coverage to shield their employees, wherever they may be, from the threat posed by uninsured motorists.

### c.  Marshall was not an "insured" under the terms of the policy

As discussed above, Patapsco's commercial automobile insurance policy with Selective Way provides UIM benefits only to persons "occupying a covered 'auto'" at the time of the incident. Def.'s Ex. 4, at 2. The Parties agree that Mr. Marshall was not "occupying" a covered auto at the time of the incident. Pl.'s Mtn. at 3; Def.'s Opp. at 5. As a result, Mr. Marshall was not an 'insured' under the express terms of the policy, and neither he nor his surviving relatives are entitled to UIM benefits under the policy.

### II.    Whether to Certify Questions of Law to the Maryland Court of Appeals

Plaintiffs ask this Court to certify two questions of law to the Maryland Court of Appeals:

1. Does § 19-509 of the Insurance Article and Maryland's strong public policy favoring compensation of those injured by uninsured/underinsured drivers mandate that, when an automobile insurance policy is issued to a corporation as the named insured, the coverage under that policy is required to extend to the corporation's stockholders, officers, and employees?

2. Is a policy provision that requires all insureds under the policy to be "occupying a covered auto" before providing coverage an improper limitation on § 19-509's unqualified right to uninsured/underinsured coverage, and therefore, void as violating Maryland's public policy?

Pl.'s Mtn. at 17.

There is more than adequate Maryland law available to resolve this case to allow this Court to reach a "reasoned and principled conclusion." *Hafford*, 2008 WL 906015, at *4. The issues of Maryland law presented in this case are neither novel nor complex, and this Court routinely engages in the type of contract and statutory interpretation required to resolve this dispute. As a result, this Court declines to exercise its discretionary power to certify questions to the Court of Appeals. *James B. Nutter & Co.*, 2013 WL 3353475 at *7.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Apply Selective Way Insurance's Uninsured/Underinsured Benefits (ECF No. 25) is DENIED. Plaintiffs' Motion to Certify Questions of Law to the Maryland Court of Appeals (ECF No. 25) is also DENIED.

A separate Order follows.


Date: March 13, 2015                                    _____/s/_____
                                                        Richard D. Bennett
                                                        United States District Judge